In the Matter of PRUDENTIAL EQUITY GROUP, LLC, Appellant, v ESTATE OF THERESE BACHALANI AMIOUNY, Deceased, et al., Respondents. [853 NYS2d 349]—

Decedent had no individual accounts or business with petitioner, a member of the National Association of Securities Dealers (NASD [now called the Financial Industry Regulatory Authority or FINRA]), and neither Prudential-Bache International Limited nor Prudential-Bache International Bank, European companies where decedent's three individual numbered accounts were maintained, was a member of NASD. Thus, respondents' claims with respect to these accounts arise out of the business of two nonmembers and, under NASD rule 10101, are not eligible for arbitration.

Further a "dispute, claim or controversy" must be arbitrated "upon the demand of the customer" provided the dispute is (1) "eligible for submission under [rule 10101]," (2) is "between a customer and a member and/or associated person," and (3) "aris[es] in connection with the business of such member or in

connection with the activities of such associated persons" (rule 10301 [a]). The claims with respect to the individual accounts were not between a customer and a member as the decedent had no individual customer relationship with petitioner; she dealt only with the two European companies, which were not NASD members. While the broker for the three European accounts was an "associated person" of petitioner, this was only when acting in connection with petitioner's accounts, not in connection with the three European accounts. The trading in these European accounts came within the purview of the European regulators. Concur—Tom, J.P., Friedman, Nardelli, Catterson and Moskowitz, JJ.